GEORGE R. GRAY, receiver of the Granite State Provident Association,

*v.*

GEORGE PFEIFFER, JR.

[Filed March 30th, 1900.]

1. Money delivered to a depositary, to be paid to an association only upon the further direction of the depositors, will not be assumed to have been directed to be paid because the depositors afterwards proved claims against the association in sums corresponding in amount with the deposit money but in no way referring to it.

2. To support a claim of an equitable assignment of money on deposit there must be proof of an appropriation of the identical fund.

On bill, answer and proofs.

The complainant is the receiver of the Granite State Provident Association, an association organized under the laws of the State of New Hampshire, authorized, among other things, to build houses, loan money on real estate, securities, &c., and to conduct the business of a building association. In 1894 it made the deposit necessary to enable it to transact business in this state, and a considerable number of persons in and near Camden subscribed for shares of its stock and paid the monthly dues required.

The bill alleges that the association employed persons to collect the installment of stock from its stockholders and to transfer them to the association, and that the defendant, George Pfeiffer, was appointed such an agent and collected installments from members in Camden; that the association has been declared to be insolvent, that the complainant has been appointed its receiver, that he has demanded the installments received for the association by the defendant and that he refuses to pay over the same, and praying discovery of the amount of those moneys, &c., an accounting and payment.

The defendant, by his answer, states the names of several stockholders who have paid dues to him, and the several amounts paid by each, but alleges that the money now in his hands was deposited with him by the parties named, under a special agreement made between him and them, in December, 1895, to the effect that the money thereafter deposited with defendant should be kept by him until it was ascertained whether the association was solvent or not, and that he should not turn it over to the association until directed so to do by the stockholders who paid it. He further answers that the stockholders have never directed this money to be paid to the association, but, on the contrary, had demanded its return to themselves.

The proofs in the case show without dispute that the so-called " Camden Branch " of the Granite State Provident Association was not an organization, but was a mere voluntary coterie of stockholders residing near Camden, who came together to assist each other in collecting and transmitting dues. · From this party the defendant had for some time prior to December, 1895, received their dues and transmitted them to the association. There is no proof whatever that the defendant was ever appointed an agent of the association, or that he was in any way employed by it. The evidence is that he was appointed and acted solely for the local stockholders.

The proof as to the circumstances of the deposit of the fund with the defendant supports his answer. It appears that in the latter part of 1895 the Granite State Provident Association·was reputed to be financially embarrassed, and that in December of that year the Camden stockholders made an arrangement with the defendant by which they thereafter deposited with him the amount of their monthly dues as they became payable, but upon an express agreement that the defendant should keep the money until it was ascertained whether the association was solvent or not, and that he should not turn it over to the association until directed to do so by the stockholders. No money was forwarded after December, 1895. The stockholders who deposited with the defendant have never directed it to be paid to the association and insist on its return to them.

It has been shown by the complainant that each of the several stockholders who, under the above-stated agreement paid their money to the defendant, Mr. Pfeiffer, has proved his claim against the fund in the hands of the receiver, asserting a right to share in the dividends of the assets of the insolvent corporation. In making proof of his claim, each stockholder has demanded, in the proof exhibited to the receiver, as a basis of his claim, an amount of money which is in excess of the amount shown on the books of the association to have been received by it from the claiming stockholders. The form of proof is in each case:

" Granite State Provident Association.
"To [name of stockholder], Dr.
"To amount paid for dues on Policy No. ......, Homestead fund of the said Association, from August, 1895, to May 1, 1896, inclusive. $......[Amount claimed by the proving stockholder]."

The complainant insists that the filing of these claims for dues paid beyond December, 1895, and up to May 1st, 1896, has operated to make the defendant liable to him as receiver, &c., for the identical money deposited with the defendant by the stockholders after December, 1895, under the agreement above stated.

This is the only question in the case.

*Mr. Howard W. Hayes*, for the complainant.

*Mr. Howard Carrow*, for the defendant.

GREY, V. C.

The dispute requires a determination of the relationship of the defendant to the fund in his hands, and of the right of the receiver to claim it. The amount of the fund, who contributed it, in what sums, for what purpose, and under what circumstances, are all discovered by the defendant in his answer, or are indisputably shown in the proofs. The single question is, has the receiver a right to this money in the hands of the defendant because the stockholders proved claims for dues up to May,

1896, when they had actually paid dues to the association only up to December, 1895?

The complainant contends that the defendant was by the association appointed its agent to receive these dues. The uncontradicted proof is that he was never so appointed; that he received the money in question as the voluntary depositary of certain stockholders of the association who resided in Camden, upon an express agreement that he should not pay it over to the association until directed so to do by the depositors, and that he never has been so directed.

This point is of the greatest importance, for if the defendant received this money as the agent of the association, the subsequent action of the stockholders in proving their claims on a basis of dues paid after December, 1895, might properly be related to the money in the hands of the defendant and be claimed to have been a final recognition of that money as the property of the association by the contributing stockholder and an appropriation of it to the payment of those dues.

Nothing in the proven claims filed with the receiver refers in any way to the money in the hands of the defendant or recognizes it as belonging to or under the control of the receiver. The claims simply show that each proving stockholder asserted that he paid more dues than he in fact did pay. This might have been good reason for reducing or rejecting the claims but cannot be held to have appropriated a deposited fund to support the asserted payment, which the undisputed evidence shows was never so appropriated. No stockholder is shown to have done any act whereby he selected or appropriated the particular moneys in the defendant's hands in payment of the dues referred to in his proofs of claim. It is assumed by the complainant that the exhibition of a proof of claim by the stockholder, based upon the asserted payment of dues after December, 1895, must necessarily relate to those moneys which the stockholder had deposited with the defendant, without any evidence whatever that those moneys were ever directed to be paid to the association. The uncontradicted proof is that they were never so directed to be paid. The presumption that a mere proof of

33

claim for more than was due was a selection and appropriation of a particular fund in no way referred to by the claimants is too violent to be sustained.

The evidence shows that the defendant is a mere voluntary depositary. The stockholders who deposited these moneys are not made defendants in this bill, although all their names were upon the books of the association. They cannot be heard to defend their claim to the money in the defendant's hands, nor can they be bound by any decree made in this case. This situation has not been the subject of criticism of these proceedings by the defendant, but under such circumstances the court will require, if it further proceeds with the cause in the absence of the persons who it is suggested are the real parties in interest, that a clear case be made that the fund attacked is actually assets which the receiver is entitled to have and which the defendant is bound to pay to him. In the face of the affirmative proof, substantially undenied, that the defendant did not receive the money in question as agent for the association, that it was never ordered to be paid to the association or to the receiver, the mere fact that proofs of claim have been made by the same stockholders who deposited the money with the defendant which alleged the payment of dues to a later period than they were actually paid, cannot, without other action by the stockholders to select and appropriate this particular money as making those later payments, be construed to have been an appropriation of the money deposited with defendant.

The complainant has shown no right to the moneys in the hands of the defendant. The bill should be dismissed.